Joaquin Roberto PAZ GUZMAN,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–72638.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 17, 2007.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

Dozie Ike Ezeife, Emeziem & Ogbu, LLP, Emeryville, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Michael E. Robinson, Jr., U.S. Dept of Justice, Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

Joaquin Roberto Paz Guzman, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming, without opinion, the Immigration Judge's ("IJ") order denying his applications for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we

** This disposition is not appropriate for publication and is not precedent except as provid-

deny in part and grant in part the petition for review.

Paz Guzman testified that in 1982 persons dressed like police officers robbed and beat him because they wanted his money, and he is afraid that criminals will rob him again if he returns to Mexico. The record does not compel the conclusion that Paz Guzman suffered past persecution or has a well-founded fear of future persecution on account of an enumerated ground. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177, 1180 (9th Cir.2004) (denying petition for review because petitioners did not establish that past criminal activity or possible future criminal activity was on account of an enumerated ground).

Because Paz Guzman failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Moreover, substantial evidence supports the IJ's conclusion that Paz Guzman did not establish that "it is more likely than not" that he will be tortured if he returned to Mexico. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

The IJ also concluded that Paz Guzman was statutorily ineligible for cancellation of removal based on his testimony that he paid a smuggler to assist his minor children to enter the United States without inspection. *See* 8 U.S.C. §§ 1101(f)(3), 1182(a)(6)(E)(i) (stating that an alien who assists another alien to enter the United States in violation of the law fails the moral character requirement for cancellation of removal). The IJ, however, did not have the benefit of this court's recent deci-

ed by 9th Cir. R. 36–3.

sion in *Moran v. Ashcroft*, 395 F.3d 1089, 1091 (9th Cir.2005), which indicates that Paz Guzman is eligible for a family unity waiver. *See id.* Accordingly, we remand to the agency to determine whether Paz Guzman has demonstrated eligibility for cancellation of removal. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

■ Finally, the IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the agency for further proceedings regarding voluntary departure.

**PETITION FOR REVIEW DENIED in part and GRANTED in part; REMANDED.**